FIRST TRUST & SAVINGS BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11746. Promulgated May 4, 1928.

*P. R. G. Sjostrom, Esq.*, and *Wm. S. Hammer, Esq.*, for the petitioner.

*S. Faulkner, Esq.*, for the respondent.

OPINION.

TRAMMELL: There is no dispute about the facts in this case. The question for decision is whether the petitioner received taxable income during the taxable years when it made loans from which it deducted the commission charges.

In our opinion, the commissions were not actually received when the loans were made. The bank, upon the credit of the borrower's note and the security given by him, paid out to him cash amounting to the face of the loan less the agreed commission and certain expenses. At that time the bank did not receive the commission exacted or agreed upon. It received nothing in fact except the promise to pay in the future.

While in this case the transaction involves commissions instead of interest or discounts, as was involved in the cases of *Chatham & Phenix National Bank*, 1 B. T. A. 460; *The Bank of Hartsville*, 1 B. T. A. 920; *Madison & Kedzie State Bank*, 1 B. T. A. 922; *First National Bank of Stoughton, Wisconsin*, 2 B. T. A. 586, we see no

distinction in the principles involved. Cf. *J. W. Solof*, 1 B. T. A. 776. Upon the authority of those cases we must hold that the petitioner did not receive taxable income in the years involved as a result of the commission transactions involved.

*Judgment will be entered on 15 days' notice, under Rule 50.*